Joshua M. Lurie, Esq.
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. (201) 518-9999
Fax. (347) 772-3074
Attorney for Plaintiff

---

| | |
|---|---|
| NYC MEDICAL PRACTICE, P.C. d/b/a GOALS AESTHETICS & PLASTIC SURGERY and NYC MEDICAL PRACTICEIP HOLDINGS CORP, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID SHOKRIAN et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK <br><br> Civil Case No. 1:19-CV-19-162 <br><br> DECLARATION OF SERGEY VOSKIN, M.D. IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUCTION AND TEMPORARY RESTRAINING ORDER |

---

I, Sergey Voskin, M.D., of full age, and under the penalty of perjury, does hereby declare as follows:

1. I am the owner, CEO and principal of NYC Medical Practice, P.C. d/b/a Goals Plastic Surgery ("Goals") which is a Plaintiff in this matter. I am also the principal of NYC Medical Practice IP Holdings, Corp., ("NMPIH") which I formed as an entity to hold and own my business' intellectual property rights as applicable.

2. NMPIH is the applicant to be the owner of the trademark in the within matter. I have personal knowledge of the facts herein to the best of my recollection.

3. I provide the within certification under the penalty of perjury in furtherance of my companies' application for restraints against Defendants Isis Richardson and Surgery411 in order to maintain the status quo pending a final adjudication of all issues in this very complex case.

4. I am fully and personally familiar with the facts and circumstances of this case.

5. In mid to late 2017, Defendant Isis Richardson was providing services to Goals as a volunteer for one of Goal's marketing campaigns called "Revamp Your Look" at Goal's Brooklyn office. Thereafter, she continued to volunteer at the same office and received remuneration of professional services which are valued in the several thousands of dollars.

6. One of the reasons Defendant was welcome and we decided to train her in the operations of the business is that Defendant marketed herself as an "influencer" who would use social media to advertise and promote the quality of services for plastic surgery clinics in the greater NYC area. Thus, she was a valuable commodity in this highly competitive industry.

7. Indeed, the way that we found Isis was through her Instagram Page, Surgery411, which we reached out to in order to attempt to utilize for our benefit – but we met its operator, Isis, instead.

8. There became a very serious dispute between my office and Isis, which is irrelevant to the present application. However, the result was Isis using her Surgery411 page to harass and defame Goals.

9. As a result, I had my attorneys seek to restrain her from continued harassment and defamation through an action in the Supreme Court of New York and under Index No. 22265/2016e. While we were not successful in obtaining permanent restraints, it did stop her action for quite some time – until the current issues which were predicated by wrongful conduct of Dr. Shokrian.

10. When the relationship with Dr. Shokrian was terminated as a result of his conduct, which included improper solicitations of my patients, theft of our intellectual property, and his attorney, Raymond Iryami, Esq. refusing to accept that we had a contract – even though

he negotiated it on behalf of Dr. Shokrian, Dr. Shokrian appeared to run to Surgery411 and Isis and began defaming us on the Instagram page.

11. I learned, shortly thereafter, that Isis and Dr. Shokrian, on their own and through others, were contacting my patients, prospective patients, and employees attempting to get them to defame us on Surgery411.

12. Some of the posts that came thereafter were shocking. They included:

   a. Pictures of our patients, in various stages of undress, surreptitiously photographed, and without their permission.

   b. Photographs and videos from our hallway areas – claiming that they were unsanitary, and we should be arrested!

   c. Photographs of our sinks with claims that we were dumping biological waste into them!

   d. Our copyrighted photographs but alleging that it was Dr. Shokrian's work and photographs.

   e. Confidential internal communications with employees discussing business models and trade secrets.

13. We made innumerable complaints to Instagram.

14. Apparently noticing that she would have her site shut down, or that it was a likelihood, Isis created Surgery411backup on Instagram and other social media sites to continue her campaign of harassment and defamation.

15. After this suit was brought, Isis began filling her Instagram pages with allegations that I am a racist and am and "attack[ing]" "black and brown women"; contacting our contractual promoters, including celebrities, and attempting have Reverend Al Sharpton's agency come after

me and my business – not acknowledging that nearly every employee is either African American or Hispanic, including our operations manager (the highest ranking employee in the business) who is both.

16. These posts have also alleged all forms of misconduct on my behalf, claiming illegal or unethical processes or techniques, including for advertisements, that are meant to target minorities to take advantage of them.

17. Such conduct is defamatory and false. It has already harmed my businesses significantly – well in excess of $100,000.00 worth of income has been lost from patients cancelling because they were contacted by Isis and Surgery411 and told that we were unsafe, dirty, or discriminate in our workplace.

18. I have tried before, on less supportive grounds, to stop her conduct. However, she is now acting with impunity.

**Relief Sought:**

19. As evidenced in the facts as set forth herein, Ms. Richardson is on a campaign to cause my company – as well as myself and my family – harm as some form of retribution for her perceived slight as well as the fact that there are former employees who feel jilted as a result of their termination.

20. We request that the Court assist us in keeping the status quo. Therefore, we request that the Court enjoin both Ms. Richardson and Surgery411 (and any "copycat" pages, such as her newly created Surgery411backup) from using any social media platform to post defamatory, confidential or business information or records, or any other records of my business pending a final adjudication of this case on the merits.

-5-

21.    Our intent is not to bar the defendants from their right to speech – but that must be limited to stop such defamation or defamation by implication.  Indeed, that we are targeted so heavily with negative posts that are false, and that we know her intent is to cause us financial harm, this is the only method that we can think to use to stop this barrage of harassment.

22.    Further we request that the Court enjoin both Ms. Richardson and her social media alter-egos, including Surgery411, from contacting my employees, patients or potential patients as she has been doing this to defame my company.

I declare under the penalty of perjury that the foregoing is true to the best of my knowledge.

                                                                                                       Sergey Voskin, M.D.

Dated: _____, 2019

12. Some of the posts that came thereafter were shocking. They included:

   a. Pictures of our patients, in various stages of undress, surreptitiously photographed, and without their permission.

   b. Photographs and videos from our hallway areas – claiming that they were unsanitary and we should be arrested!

   c. Photographs of our sinks with claims that we were dumping biological waste in them!

   d. Our copyrighted photographs but alleging that it was Dr. Shokrian's work and photographs.

   e. Confidential internal communications with employees discussing business models and trade secrets.

13. We made innumerable complaints to Instagram.

14. Apparently noticing that she would have her site shut down, or that it was a possibility, she created Surgery411backup on Instagram and other social media sites to continue her campaign of harassment and defamation.

15. After this suit was brought, Isis began filling her Instagram pages with allegations that I am a racist and am and "attack[ing]" "black and brown women"; contacting our financial promoters, including celebrities, and attempting have Reverend Al Sharpton's agency cease relations with my business – not acknowledging that nearly every employee is either African American or Hispanic, including our operations manager (the highest ranking employee in our offices) who is both.

16. These posts have also alleged all forms of misconduct on my behalf, claiming unethical processes or techniques, including for advertisements, that are meant to target minorities to take advantage of them.

17. Such conduct is defamatory and false. It has already harmed my businesses greatly – well in excess of $100,000.00 worth of income has been lost from patients cancelling because they were contacted by Isis and Surgery411 and told that we were unsafe, discriminating or harassing in our workplace.

18. I have tried before, on less supportive grounds, to stop her conduct. However, she has acted with impunity.

Relief Sought:

19. As evidenced in the facts as set forth herein, Ms. Richardson is on a campaign to cause my company – as well as myself and my family – harm as some form of retribution for her perceived slight as well as the fact that there are former employees who feel jilted as a result of their termination.

20. We request that the Court assist us in keeping the status quo. Therefore, we request that the Court enjoin both Ms. Richardson and Surgery411 (and any "copycat" pages, such as her newly created Surgery411backup) from using any social media platform to post defamatory, confidential or business information or records, or any other records of my business pending a final adjudication of this case on the merits.

21. Our intent is not to bar the defendants from their right to speech – but that must be limited to stop such defamation or defamation by implication. Indeed, that we are targeted so heavily with negative posts that are false, and that we know her intent is to cause us financial harm, this is the only method that we can think to use to stop this barrage of harassment.

22. Further we request that the Court enjoin both Ms. Richardson and her social media alter-egos, including Surgery411, from contacting my employees, patients or potential patients as she has been doing this to defame my company.

I declare, under the penalty of perjury that the foregoing is true to the best of my knowledge.

Sergey Voskin, M.D.