UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYC MEDICAL PRACTICE, P.C. d/b/a GOALS AESTHETICS & PLASTIC SURGERY and NYC MEDICAL PRACTICE IP HOLDINGS, CORP., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID SHOKRIAN; DAVID SHOKRIAN, P.C. (a New York Professional Corporation); MILLENNIAL PLASTIC SURGERY, PLLC (a New York Professional Limited Liability Company); FARAI MAKONI; IRINA KHAIMOVA; EUROPEAN BEAUTY CENTER; EBC PLASTIC SURGERY; ISIS RICHARDSON; SURGERY411 (a fictitious Instagram profile); CHRISMARY RODRIGUEZ; NATASHA LOBRANO; JOHN DOES 1-50; and BUSINESS ENTITIES A-K, <br><br> Defendants. | 19-cv-162 (ARR) (RML) <br><br> **Not for electronic or print publication** <br><br> **Opinion & Order** |

ROSS, United States District Judge:

On January 9, 2019, plaintiffs, NYC Medical Practice, P.C., d/b/a Goals Aesthetics and Plastic Surgery, and NYC Medical Practice IP Holdings, Corp. ("plaintiff" or "Goals"), filed a 104-page complaint in this court. Compl., ECF No. 1. Goals, a plastic-surgery center headquartered in Kings County, New York, is claiming that defendant David Shokrian, along with his agents and associates, stole plaintiff's intellectual property and defamed plaintiff. The complaint includes 24 causes of action, including Lanham Act violations, copyright infringement, conspiracy, and defamation. *See id.* ¶¶ 145–311. Of relevance to the instant motion, plaintiff claims that defendant Isis Richardson, a former Goals employee, made defamatory phone calls to plaintiff's employees and posted false, defamatory, and stolen material about plaintiff on her Instagram profile "Surgery411." *See id.* ¶¶ 79–88, 128–129, 131, 138.

1

On February 12, 2019, Richardson filed a *pro se* motion to dismiss the complaint against her. Mot. Dismiss, ECF No. 28. Richardson asserts four bases for dismissal: (1) insufficient service of process, (2) failure to state a claim, (3) res judicata, and (4) improper venue. *See id.* at 3–5. On February 14, 2019, I issued an order directing plaintiff to respond to Richardson's motion by March 4, 2019. Plaintiff submitted its opposition on February 22, 2019. *See* Pl.'s Opp'n, ECF No. 40. Richardson's reply was due by March 18, 2019. To date, Richardson has not submitted a reply. I therefore consider the motion to be fully briefed. For the following reasons, Richardson's motion to dismiss is denied.

## DISCUSSION

**I. Richardson's motion to dismiss for insufficient service of process is denied because Richardson was properly served.**

"In considering a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Kantipuly v. United States*, No. 12–CV–932, 2014 WL 7177875, at *3 (W.D.N.Y. Dec. 16, 2014) (adopting report and recommendation) (citing *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). The plaintiff has the burden of proving proper service. *Id.* (citing *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005)). Richardson claims that she was not properly served because she was not served personally; rather, service of process was made on her aunt. *See* Mot. Dismiss 3. Under the Federal Rules of Civil Procedure, an individual may be properly served by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). In this case, plaintiff filed proof of service with

the court demonstrating that a process server left a copy of the summons and complaint with one of Richardson's relatives, presumably her aunt, at the address 1178 Clay Avenue in the Bronx, New York, on January 22, 2019. *See* Rudichenko Aff. of Service, ECF No. 24; Mot. Dismiss 3. Richardson has not claimed any other basis for insufficient service aside from the allegation that she was not served personally. Because Richardson's relative is a person of suitable age and discretion under Rule 4(e)(2)(B), Richardson's motion to dismiss on improper-service grounds is denied.[1]

**II.  Richardson's motion to dismiss for failure to state a claim is denied because the complaint states a plausible claim to relief.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *County of Erie v. Colgan Air, Inc.*, 711 F.3d 147, 149 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Though a plaintiff need not include "detailed factual allegations" in the complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a motion to dismiss brought pursuant to Rule 12(b)(6), the court must construe a complaint liberally, "accepting all factual allegations . . . as true, and drawing all reasonable inferences in the plaintiff's favor." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v.*

---

[1] Richardson argues that New York law requires the summons and complaint to be served on the defendant personally. Mot. Dismiss 3. Even if I were to apply New York's service-of-process laws in this case, which I am permitted to do under Rule 4(e)(1), Richardson's argument would fail because New York law also allows service to be made "by delivering the summons . . . to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." N.Y. C.P.L.R. 308(2) (McKinney 2019). Such requirements were met in this case. *See* Rudichenko Aff. of Service.

*Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). The factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Richardson argues that plaintiff "failed to properly allege one or more of the required elements of an action specifically," "claim[ed] that [Richardson] caused reputational damage to [plaintiff] without stating and providing evidence of the defamatory damage," and did not indicate "measurable injury . . . in the complaint." Mot. Dismiss 4. While I agree with plaintiff that the basis of Richardson's 12(b)(6) motion is unclear, *see* Pl.'s Opp'n 2–3, I understand Richardson's argument to be that the complaint's allegations of defamation and injury lack specificity and evidence. Richardson misunderstands the liberal pleading standard of Rule 12(b)(6). *See County of Erie*, 711 F.3d at 149. At this point in the litigation, plaintiff is not required to provide the court with "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, plaintiff's allegations regarding Richardson's defamatory statements are sufficiently detailed "to state a claim to relief that is plausible on its face." *County of Erie*, 711 F.3d at 149 (quoting *Iqbal*, 556 U.S. at 678). *See* Compl. ¶ 86 (alleging that Richardson (a) accused Goals' principal's wife of being a "scammer," (b) claimed Goals stole its logo, (c) accused Goals of false advertising, and (4) claimed Goals committed racial discrimination against her); *id.* ¶ 129 (alleging that Richardson "accus[ed] Goals of having unsanitary conditions or committing criminal activity"); *id.* ¶ 131 (alleging that "pictures and videos appeared on Surgery411 which were illegally and surreptitiously taken within an area appurtenant to surgery rooms of Goals' patients in various states of dress without the permission of such patient or Goals"). Plaintiff has also sufficiently pleaded injury. *See, e.g., id.* ¶ 144 ("Indeed, just the patients who have cancelled appointments as a result of the conduct of the Defendants, and upon information and belief, sought the same work from Shokrian outside of

4

Goals, has been a loss to Goals in excess of $125,000.00 to date."). Accordingly, Richardson's motion to dismiss for failure to state a claim is denied.

**III.    Richardson's motion to dismiss on res judicata grounds fails because the doctrine of res judicata is inapplicable.**

"The doctrine of res judicata 'provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action.'" *Ljutica v. Holder*, 588 F.3d 119, 126 (2d Cir. 2009) (quoting *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008)). Thus, the doctrine bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). Goals has filed a state-court action in Bronx County Supreme Court against Richardson alleging defamation/libel, slander, and tortious interference. *See* State Court Compl. ¶¶ 12–27, *NYC Medical Practice, P.C. v. Richardson*, No. 22265/2018E (N.Y. Sup. Ct. Feb. 26, 2018); State Court Compl. ¶¶ 12–27, ECF No. 40-1. Plaintiff concedes that it filed an unsuccessful motion for a preliminary injunction against Richardson in the state-court action. *See* Pl.'s Opp'n 5; Compl. ¶¶ 87–88. Richardson argues that the state court's denial of the preliminary injunction requires dismissal of plaintiff's federal-court complaint on res judicata grounds. *See* Mot. Dismiss 2, 4. Under New York law, a denial of a preliminary injunction does not operate as a final decision on the merits. *See Lopez v. City of New York*, No. 17 Civ. 3014 (VEC) (AJP), 2017 WL 4342203, at *9 & n.12 (S.D.N.Y. Sept. 28, 2017) (citing cases), *adopted by* 2018 WL 1371164 (S.D.N.Y. Mar. 15, 2018). The document list in the state-court action reveals that no decisions have been rendered aside from the denial of the preliminary injunction. *See* Document List, *NYC Medical Practice, P.C. v. Richardson*, No. 22265/2018E. Thus, because there has been no final judgment

on the merits, Richardson's res judicata argument cannot succeed at this time. *See Bain v. Hofmann*, No. 1:06–CV–189, 2008 WL 2570875, at *2 (D. Vt. June 25, 2008) ("The Court need not address questions regarding either parties or causes of action at this time, given the lack of record evidence of a final judgment on the merits in the state court case.").

IV. **Richardson's motion to dismiss for lack of venue is denied because venue is proper in the Eastern District of New York.**

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Richardson argues that under New York state law, "[t]he lawsuit should only be brought either in the county where the plaintiff resides or the county where the defendant resides which in this case is the . . . Bronx as opposed to the Eastern District . . . of New York." Mot. Dismiss 5. Because this is a federal-court matter, 28 U.S.C. § 1391 governs the issue of venue. The complaint demonstrates that venue is proper in the Eastern District of New York under § 1391(b)(1) and (2). Venue is proper under § 1391(b)(1) because all of the defendants reside in New York and at least one of the defendants resides in Brooklyn. *See* Compl. ¶¶ 3–10. Venue is also proper under § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claims [in the complaint] are within this district." *Id.* ¶ 18; *see also id.* ¶¶ 53, 55, 115.[2] Richardson's motion to dismiss the complaint on venue grounds is therefore denied.

---

[2] Plaintiff also claims that venue is proper pursuant to a contractual agreement between the parties. *See* Compl. ¶ 19.

6

## CONCLUSION

For the reasons stated in this opinion, I deny Richardson's motion to dismiss the complaint.

SO ORDERED.

Date: March 21, 2019  
      Brooklyn, New York

_____/s/_____  
Allyne R. Ross