UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NYC MEDICAL PRACTICE, P.C. d/b/a GOALS
AESTHETICS & PLASTIC SURGERY and NYC
MEDICAL PRACTICE IP HOLDINGS, CORP.,

Plaintiffs,

v.

DAVID SHOKRIAN; DAVID SHOKRIAN, P.C. (a New
York Professional Corporation); MILLENNIAL PLASTIC
SURGERY, PLLC (a New York Professional Limited
Liability Company); FARAI MAKONI; IRINA
KHAIMOVA; EUROPEAN BEAUTY CENTER; EBC
PLASTIC SURGERY; ISIS RICHARDSON;
SURGERY411 (a fictitious Instagram profile);
CHRISMARY RODRIGUEZ; NATASHA LOBRANO;
JOHN DOES 1-50; and BUSINESS ENTITIES A-K,

Defendants.

**19-cv-162 (ARR) (RML)**

**Not for electronic or print publication**

**Opinion & Order**

---

ROSS, United States District Judge:

On May 1, 2019, I denied plaintiffs' motion for injunctive relief against defendants Isis

Richardson and her Instagram profile "surgery411." *See* May 1, 2019 Order, ECF No. 58.[1] On

May 21, 2019, plaintiffs submitted a letter motion requesting that I reconsider my decision. *See*

Pls.' Mot. Reconsideration, ECF No. 61. Plaintiffs claim that they not only disagree with my

decision, but also that "the decision of the Court has empowered these defendants to ramp up

their conduct." *Id.* at 1. On May 22, 2019, Isis Richardson submitted a *pro se* opposition to

plaintiffs' motion for reconsideration. *See* Richardson Opp'n, ECF No. 63. For the following

reasons, plaintiffs' motion is denied.

---

[1] For the purposes of this opinion, I assume familiarity with the factual and procedural
background of this case.

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As such, "a request for reconsideration . . . must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Id.* Here, plaintiffs have not pointed to any law or facts that I overlooked in my opinion denying injunctive relief. Rather, plaintiffs submit that defendants' conduct since the denial of injunctive relief warrants a hearing on their application. *See* Pls' Mot. Reconsideration 1. Viewing plaintiffs' submission as yet another motion for a preliminary injunction, rather than a motion for reconsideration, I again find such relief improper and a hearing unnecessary.

A party seeking a preliminary injunction must demonstrate a likelihood of success on the merits and irreparable harm, *see Miller v. Miller*, No. 3:18-cv-01067 (JCH), 2018 WL 3574867, at *2 (D. Conn. July 25, 2018), and injunctions are rarely appropriate in defamation cases, *see id.* at *3. Truth is an absolute bar to a defamation claim, and plaintiffs bear the burden of proving the falsity of the allegedly defamatory statements. *See* 43A N.Y. Jur. Defamation & Privacy § 98 (2019). Again, plaintiffs are accusing Richardson of defamation. Plaintiffs first allege that Richardson has "falsely accuse[d] the Plaintiffs and their principal of criminal acts (falsely claiming Plaintiffs attempted murder-for-hire and are 'career criminals')." Pls.' Mot. Reconsideration 1. Richardson, through her Instagram account surgery411,[2] accuses the principal of Goals, Sergey Voskin, and his wife, Ella Voskin, of having a criminal record. *See* Pls.' Ex. A, at 5, ECF No. 61-1. Further, Richardson accuses Ella of "ordering hits" on

---

[2] For the purposes of this opinion, I assume that Richardson is in fact the operator of "surgery411."

Richardson." *Id.* at 3, 5; *see also id.* at 9–10. According to Richardson, the latter accusation stems from a threatening message she received from a Goals employee after she and a few others peacefully protested across the street from Goals. *See* Richardson Opp'n 1–2, 4. Richardson has provided no evidence that Ella directed the employee to send the threatening message and should be cautious in making such accusations; however, it is plaintiffs who bear burden of proving falsity. Here, plaintiffs have not provided any evidence that Richardson's statements regarding Ella's role in threats or the Voskins' criminal record are false. Accordingly, plaintiffs have not demonstrated a likelihood of success on the merits and their request for preliminary injunctive relief is therefore denied.[3]

Plaintiffs also assert that Richardson is falsely claiming that Sergey Voskin is "barred from performing plastic surgery." Pls.' Mot. Reconsideration 1. Richardson posted a picture of Dr. Voskin and wrote, "pediatrician makes millions posing as a NY plastic surgeon." Ex. A, at 15. Thus, Richardson did not state that Dr. Voskin is "barred from performing plastic surgery," and in her opposition, Richardson explains that while Dr. Voskin is "legally able to perform cosmetic enhancements," he "is not a member of the American Association of Plastic Surgery." Richardson Opp'n 1 ("There is a distinct difference between a plastic and cosmetic surgeon."). Again, plaintiffs have not demonstrated any likelihood of meeting their burden of showing falsity, and injunctive relief is therefore improper.

---

[3] Even if plaintiffs were able to show a likelihood of success on the merits with respect to their defamation claims, preliminary injunctive relief would be improper because plaintiffs have not demonstrated irreparable harm. *See Miller*, 2018 WL 3574867, at *2 ("To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007))). Plaintiffs take issue with Richardson's statement to her followers to "turn this shit criminal for Ella if y'all want to." Pls.' Mot. Reconsideration 1 (citing Ex. A, at 4). I understand Richardson's statement to be a legal threat, not a physical one. However, I advise Richardson to be cautious in making such threatening statements.

For the reasons stated above, plaintiffs' request for preliminary injunctive relief and a hearing is denied.[4] The parties are encouraged to follow Judge Levy's orders regarding the appropriate next steps in this case.

SO ORDERED.

Date:   May 23, 2019                                    _____/s/_____
        Brooklyn, New York                              Allyne R. Ross

---

[4] Again, because the record before me "permits [me] to conclude that there is no factual dispute which must be resolved by an evidentiary hearing," I find a hearing unnecessary. *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 59–60 (D. Conn. 2003); *see also Moore v. Consolidated Edison Co. of New York Inc.*, 409 F.3d 506, 512 (2d Cir. 2005)