```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NYC MEDICAL PRACTICE, P.C. d/b/a
GOALS AESTHETICS & PLASIC
SURGERY and NYC MEDICAL
PRACTICE IP HOLDINGS, CORP.,
                                                                    ORDER AND
                        Plaintiffs,                                 REPORT AND
                                                                    RECOMMENDATION
        -against-                                                   19 CV 162 (RPK)(RML)

DAVID SHOKRIAN; DAVID SHOKRIAN
P.C. (a New York Professional Corporation);
MILLENIAL PLASTIC SURGERY, PLLC;
(a New York Professional Limited Liability
Company); FARAI MAKONI; IRINA
KHAIMOVA; EUROPEAN BEAUTY
CENTER; EBC PLASTIC SURGERY; ISIS
RICHARDSON; SURGERY 411 (a fictitious
Instagram profile); CHRISMARY
RODRIGUEZ; NATASHA LOBRANO;
JOHN DOES 1-50; and BUSINESS
ENTITIES A-K,

                        Defendants.
-------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

        Plaintiffs in this case seek leave to amend their complaint in four respects: (1) to add a predicate act of extortion to their claims under the Racketeer Influenced and Corrupt Organizations Act against defendants Isis Richardson and Surgery411; (2) to add as a defendant former employee Verna Fogg, who was previously named as a Jane Doe; (3) to remove references to defendants against whom they have settled; and (4) to add and clarify certain facts.

Plaintiffs' motion is granted in part; however, I respectfully recommend that leave to add the extortion predicate and the new defendant be denied.[1]

## BACKGROUND AND FACTS

Plaintiffs NYC Medical Practice P.C., d/b/a Goals Aesthetics and Plastic Surgery, and NYC Medical Practice IP Holdings Corp. ("plaintiffs" or "Goals") brought this action on January 9, 2019 against eleven defendants: Dr. David Shokrian; David Shokrian, P.C.; Millenial Plastic Surgery, PLLC; Farai Makoni; Irina Khaimova; European Beauty Center; EBC Plastic Surgery; Isis Richardson; Surgery411; Chrismary Rodriguez; and Natasha Lobrano. (See Complaint, dated Jan. 8, 2019, Dkt. No. 1.) The lengthy complaint asserts twenty-three causes of action, including various violations of the Lanham Act, 15 U.S.C. § 1051, et seq.; violations of the Defendant Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq.; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; copyright infringement; deceptive trade practices, false advertising, and trademark dilution under N.Y. GEN. BUS. LAW §§ 349-350 and 360; and trademark infringement, breach of contract, conversion, trade libel, harassment, misappropriation of trade secrets, conspiracy, tortious interference with contract, defamation, and libel *per se* under New York common law. (See id.)

---

[1] Whether a motion to amend is considered dispositive or non-dispositive under 28 U.S.C. § 636(b)(1)(A) is unsettled in the Second Circuit. See Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 46 n.5 (E.D.N.Y. 2015); accord Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013). However, "[d]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." Louis v. Metro. Transit Auth., No. 12 CV 6333, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) (quoting Tyree v. Zenk, No. 05 CV 2998, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009)). Accordingly, while I have granted a portion of plaintiffs' motion, I have issued recommendations as to those portions of the motion that I find should be denied.

2

Briefly, the complaint alleges that Dr. David Shokrian ("Shokrian"), a plastic surgeon who formerly worked for plaintiffs as an independent contractor, stole plaintiffs' intellectual property, illegally solicited their clients, and defamed them. (See id. ¶¶ 66-78; 111-144.) The other defendants are accused in various ways of waging a "campaign of harassment" against plaintiffs, in some cases in coordination with Shokrian and in other cases of their own accord. For example, defendant Isis Richardson ("Richardson") is accused of operating the Instagram profile "Surgery411" and posting defamatory content about plaintiffs, their employees, and their principal doctor and his family. (See id. ¶¶ 79-88.) Meanwhile, defendant Irina Khaimova ("Khaimova") is accused of working in coordination with two of plaintiffs' former employees, defendant Farai Makoni ("Makoni") and proposed new defendant Verna Fogg ("Fogg"), to steal plaintiffs' intellectual property and trade secrets for the benefit of her own businesses, European Beauty Center and EBC Plastic Surgery (jointly, "EBC" or the "EBC defendants"). (See id. ¶¶ 53-65; Proposed Amended Complaint, filed Sept. 10, 2019 ("Proposed Am. Compl."), Dkt. No. 74-1, ¶¶ 52-55.)

In September 2019, plaintiffs settled with Shokrian and the entity defendants he is alleged to control, David Shokrian, P.C. and Millenial Plastic Surgery, PLLC (collectively, the "Shokrian defendants"). (See Stipulation of Dismissal, dated Sept. 26, 2019, Dkt. No. 78.) They later settled with former Goals employees Chrismary Rodriguez and Natasha Lobrano. (See Notice of Voluntary Dismissal, dated Apr. 20, 2020, Dkt. No. 99.) Thus, the remaining defendants are Richardson, Khaimova, Makoni, Surgery411,[2] and the EBC defendants. Richardson has appeared in this action *pro se* and opposes plaintiffs' motion to amend. (See

---

[2] As discussed *infra*, Surgery411 is not a legal entity capable of being sued and thus the claims against it should be dismissed.

3

Brief in Opposition to Motion to Amend, filed Oct. 7, 2019, Dkt. No. 82.) Khaimova, Makoni, and the EBC defendants are currently in default. (See Clerk's Entry of Default, dated Apr. 1, 2019, Dkt. No. 50.)

## DISCUSSION

### A. Legal Standard

While leave to amend a pleading should be freely given when justice so requires, it remains within the discretion of the district court to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."[3] FED. R. CIV. P. 15(a); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A proposed amendment is futile if it would fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015) (citing Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." Id. The court must determine whether, accepting all non-conclusory factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, the proposed amendment states a plausible claim for relief. See Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[3] "To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a). However, '"the same standard of liberality" applies under either Rule.'" Duling v. Gristedes Operating Corp., 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010) (quoting FED. R. CIV. P. 21 and FTD Corp. v. Banker's Tr. Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (additional citations omitted)); see also Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79 (E.D.N.Y. 2011).

### B. Adding RICO Extortion Predicate as to Richardson and Surgery411

The original complaint includes a civil RICO claim against all defendants predicated on theft of trade secrets. (See Compl. ¶¶ 288-296.) Plaintiffs now seek to add a second predicate of extortion based on acts allegedly committed by Richardson and Surgery411 since this action was commenced. (See Memorandum in Support of Motion to Amend, dated Sept. 10, 2019 ("Pls.' Mem."), Dkt. No. 72; Proposed Am. Compl. ¶¶ 122-138.)

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (quoting DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001)). The proposed amended complaint appears to allege a violation of 18 U.S.C. § 1962(c). To state a claim under that provision, a plaintiff must allege that "(1) the defendant; (2) through the commission of two or more predicate acts; (3) constituting a pattern; (4) of racketeering activity; (5) directly or indirectly participated; (6) in an enterprise; (7) the activities of which affected interstate commerce." Gov't Emps. Ins. Co. v. Mayard, No. 15 CV 4077, 2019 WL 3716069, at *3 (E.D.N.Y. May 9, 2019) (citation omitted), report and recommendation adopted, 2019 WL 4141030 (E.D.N.Y. Aug. 30, 2019); see also Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983).

Moreover, to meet the pleading standard, a plaintiff must allege the existence of two separate entities: "(1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." U1it4less, Inc. v. FedEx Corp., 871 F.3d 199, 205 (2d Cir. 2017) (quoting Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001)). RICO defines "person" as "any individual or entity capable of holding a legal or beneficial interest in

5

property" and "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(3), (4).  An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981).

In this case, plaintiffs allege that Richardson and Surgery 411, "along with other unknown or unnamed Defendants," extorted them by making demands for money and posting defamatory content when rebuffed.  (See Proposed Am. Compl. ¶¶ 120, 122-138.)  As a preliminary matter, Surgery411—an Instagram profile allegedly operated by Richardson—is neither a RICO person nor a legal entity capable of being sued.[4]  Therefore, not only should leave to amend as to Surgery411 be denied, but all of the claims against it should be dismissed.  As to Richardson, plaintiffs fail to plausibly allege that she carried out the allegedly extortionate acts in conjunction with any other person.  Other than conclusory and non-specific references to the involvement of others, plaintiffs' allegations pertain to the conduct of a single individual.  This is not sufficient to satisfy the enterprise element.  See Mackin v. Auberger, 59 F. Supp. 3d 528, 543 (W.D.N.Y. 2014) (noting that a single person cannot constitute an association-in-fact enterprise because "[a]n association in fact, by its very name and meaning, contemplates an 'association' of individuals, not one individual").  Therefore, I respectfully recommend that

---

[4] "Both capacity to be sued and legal existence are prerequisites to the suability of an entity." Beom Su Lee v. Karaoke City, No. 18 CV 3895, 2020 WL 2036706, at *2 (S.D.N.Y. Apr. 28, 2020) (quoting Ellul v. Congregation of Christian Bros., No. 09 CV 10590, 2011 WL 1085325, at *3 (S.D.N.Y. Mar. 23, 2011), aff'd, 774 F.3d 791 (2d Cir. 2014)).  Plaintiffs make no allegation that Surgery411 has any form of legal existence; in fact, the caption of the complaint refers to it as "fictious."  (See Compl.; Proposed Am. Compl.)

6

leave to amend to add the extortion predicate be denied as to both Richardson and Surgery411, and that all claims against Surgery411 be dismissed.

### C. Adding Fogg as a Defendant

Plaintiffs additionally seek to add Fogg as a defendant. According to the proposed amended complaint, Fogg "was hired for a similar position and signed the same agreements as [Makoni]," which included non-solicitation and non-competition terms.[5] (Proposed Am. Compl. ¶¶ 52, 242.) Fogg has since left Goals to work for Khaimova and EBC, allegedly taking with her "innumerable pieces of Goals' intellectual property and trade secrets" and breaching her employment agreements by "communicating with other employees and former employees of Goals, seeking to have them terminate their employment with Goals and work with Shokrian and [Khaimova] as well as EBC." (Id. ¶¶ 53-54, 244.) Plaintiffs further accuse Fogg of "tak[ing] action to advertise EBC and [Khaimova]" and "ma[king] posts on social media defaming Goals for the purpose of harming Goals' reputation." (Id. ¶ 55.)

As compared to the small number of factual allegations made against Fogg, plaintiffs seek to add her to a large number of their existing claims. The proposed amended complaint would add Fogg to claims under the DTSA and RICO, as well state law claims for breach of contract, trade libel, misappropriation of trade secrets, conspiracy to defraud, tortious interference with contract, defamation, and libel *per se*. (See id. ¶¶ 241-294.) The factual allegations underlying the claims against Fogg are conclusory at best. For example, while plaintiffs claim Fogg defamed them, they do not plead a single defamatory statement that she

---

[5] Makoni allegedly worked for Goals as a "videographer and social media manager." (Compl. ¶ 35.) While signed copies of Makoni's employment agreements are attached to the original complaint as exhibits (see Makoni Employment Agreements, annexed as Ex. A to Compl.), no such documentation has been submitted as to Fogg.

7

made, as is required to state a defamation claim. See Germain v. M & T Bank Corp., 111 F. Supp. 3d 506, 537 (S.D.N.Y. 2015); Neal v. Asta Funding, Inc., No. 13 CV 2176, 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014). Nor have they alleged any facts whatsoever that would permit the court to infer that she had "'some part' in 'directing the affairs of [a] [RICO] enterprise,'" as is necessary to state a claim under that statute. See Aerowest GmbH v. Freitag, No. 15 CV 2894, 2016 WL 3636619, at *3 (E.D.N.Y. June 28, 2016) (quoting Reves v. Ernst & Young, 507 U.S. 170, 179 (1993)).

Meanwhile, despite the threadbare nature of the allegations against Fogg, plaintiffs' three-and-a-half page Memorandum of Law simply declares the proposed amendment non-futile without any attempt to explain why that is so.[6] (See Pls.' Mem. at 2-3.) Plaintiffs cannot expect the court to grant the relief they request without further explanation as to why each of these claims is cognizable as to Fogg; therefore, I respectfully recommend that leave to add Fogg as a defendant be denied without prejudice and with leave to re-brief.[7]

---

[6] Plaintiffs' Memorandum of Law appears to argue that the proposed amended complaint cannot be futile because it "does not add any claims, rather removes claims and clarifies others with additional facts and factual predicates." (Pl.'s Mem. at 3.) This statement elides the fact that plaintiffs seek to bring a large number of claims against a newly identified defendant. Moreover, the fact that these claims were previously asserted against the other defendants does not exempt plaintiffs from the requirement that they be well-pleaded as to Fogg. See Addison, 283 F.R.D. at 79 (noting that a motion to amend to add a defendant is governed by the same standard as a motion to amend to add a claim, meaning that it may be denied where futile); see also Donaghe v. Lashaway, No. 16 CV 5973, 2017 WL 2180786, at *1 (W.D. Wash. May 18, 2017) (denying motion to amend complaint where the plaintiff failed to plead sufficient facts against the individual that he sought to add as a defendant).

[7] I also note that the proposed amended complaint is devoid of any allegations as to when any of Fogg's alleged wrongdoing occurred, leaving the court unable to determine whether the proposed claims against her are even timely. (See Proposed Am. Compl. ¶¶ 52-55.)

8

### D. Removing Settled Defendants and Adding Facts

Finally, plaintiffs seek to amend the complaint to remove references to the Shokrian defendants, with whom they have settled, and to "add and clarify the claims" against the existing defendants. (See Pl.'s Mem. at 1; Proposed Am. Compl.) Plaintiffs' request to remove references to the Shokrian defendants is granted. They may also remove references to Chrismary Rodriguez and Natasha Lobrano, with whom they have settled since filing their motion to amend. (See Notice of Voluntary Dismissal, dated Apr. 20, 2020, Dkt. No. 99.)

The request to "add and clarify the claims" appears to refer, at least in part, to plaintiffs' request to add facts supporting the proposed extortion predicate as to Richardson and Surgery411. I have already recommended that this request be denied. I note, however, that the proposed amended complaint adds certain other facts unrelated to the extortion issue, for example, noting the registration of a trademark that was pending at the time of the original complaint. (Compare Compl. ¶ 30 with Proposed Am. Compl. ¶ 30.) This fact, and any others unrelated to the amendments that I have recommended be denied, may be added.

## CONCLUSION

For the reasons explained above, plaintiffs' motion to amend is granted in part. However, I respectfully recommend that plaintiffs' request for leave to add a RICO extortion predicate based on acts allegedly committed by Richardson and Surgery411 be denied. I further recommend that leave to add proposed defendant Fogg be denied without prejudice and with leave to re-brief. Any objection to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       June 16, 2020